CAL P. SAUNDERS, Esq., (SBN 63497)
TAUFIKI D. JOSHUA, Esq., (SBN 207636)
OFFICE OF THE CITY ATTORNEY
CITY OF INGLEWOOD
One Manchester Boulevard, Suite 860
Inglewood, California 90301
Telephone: (310) 412-5372
Facsimile: (310) 412-8865
tjoshua@cityofinglewood.org
rtatum@cityofinglewood.org

Attorneys for Defendants, **CITY OF INGLEWOOD, OFFICER OSWALDO FIGUEROA** and **OFFICER ALVARO RUIZ**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN ORTEGA, Individually and a Successor-in-Interest to Decedent, RUBEN WALTON ORTEGA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF INGLEWOOD, OFFICER OSWALDO FIGUEROA, OFFICER ALVARO RUIZ and 10 unknown other named defendants,<br><br>　　　　　Defendants. | CASE NO.: CV10-4166 ODW (VBKx)<br><br>**Hon. Judge: Otis D. Wright, II**<br>**Courtroom: 11**<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed: June 4, 2010<br>Trial Date: September 13, 2011 |

　　　　The parties have discussed the privileged nature of the Inglewood Police Department Internal Affairs materials regarding the investigation of the subject July 1, 2008 incident, which is the basis of the instant lawsuit.

　　　　Such confidential materials kept by Defendants are governmental documents that contain official information. Such confidential material has been maintained by Defendants in confidence and contains sensitive and private information.

1  Defendants are extremely concerned that dissemination of subject
2 information, documents, and materials related to the incident, relevant personnel,
3 and other confidential internal investigations could compromise the efficacy of
4 such undertaking in the future and act to discourage cooperation from the public.
5 Further, disclosure of which without a protective order may compromise the safety
6 of the subject peace officers and their families and third parties.

7  These materials are subject to various privileges including Evidence Code
8 §§ 1040, 1043, et seq., Government Code § 3300, et seq. and/or the official
9 information privilege.  Further, such material also contains private and confidential
10 third-party information. The materials include but are not limited to the following
11 documents:

12  1. Six (6) page Inglewood Police Department Incident Report re Incident
13 No. 08-7666;
14  2. Six (6) page Inglewood Police Department Incident Report re Incident
15 No. 08-7666;
16  3. Four (4) page Inglewood Police Department Incident Report/Arrest
17 Report re Incident no. 08-7666;
18  4. Transcript of the July 2, 2008 interview of Officer Alvaro Ruiz;
19  5. Transcript of the July 17, 2008 interview of Officer Alvaro Ruiz;
20  6. Transcript of the July 2, 2008 interview of Officer Oswaldo Figueroa.
21  7. Transcript of the July 17, 2008 interview of Officer Oswaldo
22 Figueroa;
23  8. Transcript of the July 1, 2008 interview of Donnell Hawkins.
24  9. Transcript of July 2, 2008 interview of Otis Virgil;
25  10. Transcript of the interview of Christopher Perry;
26  11. Transcript of the July 7, 2008 Interview of Robin Virgil;
27  12. One (1) page Shift Roster;
28  13. Thirty-five (35) page Call Incident Detail;

1   14.   One (1) page Critical Incident Call Out List;

2   15.   Nine (9) page County of Los Angeles, Department of Coroner's
3   Autopsy Report No. 2008-04690 re Ruben Ortega;

4   16.   Two (2) page County of Los Angeles, Department of Coroner
5   illustrations depicting the "injuries" to decedent Ruben Ortega's body;

6   17.   One (1) page County of Los Angeles, Department of Coroner Medical
7   Report No. 2008-04690 re Ruben Ortega;

8   18.   One (1) page County of Los Angeles, Department of Coroner Autopsy
9   check Sheet re Case No. 2008-04690;

10  19.   Two (2) page County of Los Angeles, Department of Coroner
11  Forensic Science Laboratories Toxicology Report;

12  20.   One (1) page County of Los Angeles, Department of Coroner Case
13  Report re Case No. 2008-04690;

14  21.   Two (2) page County of Los Angeles, Department of Coroner
15  Investigator's Narrative re Case No. 2008-04690;

16  22.   One (1) page County of Los Angeles, Department of Coroner
17  Personal Effects Inventory re Case No. 2004-04690;

18  23.   One (1) page County of Los Angeles, Department of Coroner Medical
19  Evidence re Case No. 2008-04690;

20  24.   One (1) page County of Los Angeles, Department of Coroner Order re
21  release re Case No. 2008-04690;

22  25.   One (1) page County of Los Angeles, Department of Coroner
23  Preliminary Examination Report – Field re Case No. 2008-0460;

24  26.   One (1) page County of Los Angeles, Department of Coroner GSR
25  Data Sheet re Case No. 2008-04690;

26  27.   Four (4) page Los Angeles County District Attorney Justice System
27  Integrity Division letter dated March 6, 2009 prepared by Shannon Presby;

28

28. Four (4) page Los Angeles County District Attorney Justice System Integrity Division letter dated February 9, 2009 prepared by Shannon Presby;

29. Eleven (11) page Investigator's Follow-Up Report;

30. Nine (9) page Forensic Services Report;

31. One (1) page Crime Scene Diagram;

32. One (1) compact disc recording of radio traffic;

33. Two (2) page July 2, 2008 Inter-Departmental Communication from Sgt. Overly to C.O. Detective Bureau re "Officer Involved Shooting - Fatal – Homicide # 5 (DR # 08-766);

34. Two (2) page Inter-Departmental Communication re "OIS # 08H005 Summary";

35. Five (5) page December 30, 2008 Inter-Departmental Communication from Sgt. Mejia to Chief Seabrooks re "Officer Involved Shooting – Final Report IAD Case No. 08-H005";

36. Seven (7) Inglewood Police Department Preliminary Shooting Report re Case No. 08-H005;

37. Two (2) page Watch Commander's Daily Log;

38. Seventeen (17) page Criminal/DMV History of Ruben Ortega;

In light of the aforementioned facts, and given the strong public policies in favor of encouraging witnesses to cooperate in investigations, protecting those who assist in investigations, protecting society's interests in investigating such incidents, and protecting Plaintiff's right to privacy, Defendants believe it is necessary and proper to enter an order carefully limiting the use and dissemination of the information, documents, and materials that are the subject of this Order. In order to informally resolve this matter, the parties have agreed to this stipulated protective order.

This Order shall apply to protect from unauthorized disclosure the aforementioned documents ("CONFIDENTIAL DOCUMENTS").

1   A.   CONFIDENTIAL DOCUMENTS shall be classified as confidential by stamping copies of them with "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER." Prior to filing any such CONFIDENTIAL DOCUMENT with the Court, the parties shall make an application to seal the document pursuant to Fed. Local Rule 79. Stamping "CONFIDENTIAL" or "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" on the cover of a multiple page document shall classify all pages of the document as confidential, unless otherwise indicated by the disclosing party. Other unambiguous written notice that material is being classified as confidential also shall be sufficient.

B.   Immediately upon production by the disclosing party, attorneys for the receiving party shall personally secure and maintain the CONFIDENTIAL DOCUMENTS in their possession.

C.   The CONFIDENTIAL DOCUMENTS shall only be used for preparing for and prosecuting this case pending the completion of the judicial process, including appeal.  No person to whom CONFIDENTIAL DOCUMENTS are disclosed shall cause or permit it to be used for any other purpose.

D.   Any copies, summaries, abstracts, notes, extracts of the contents or other documents derived from the CONFIDENTIAL DOCUMENTS are protected under this Order, and shall not be disclosed, disseminated, or conveyed in any way to anyone except as provided herein.

E.   If necessary in the judgment of the receiving party, said attorneys may show or reveal the contents of the CONFIDENTIAL DOCUMENTS to co-counsel, clients, paralegals, law clerks or experts actively assisting attorneys for receiving party  in the investigation of this case.  Any notes taken by any person reflecting the contents of the CONFIDENTIAL DOCUMENTS, or extracts of the contents, are protected under this Order, and shall be treated in the manner set forth herein.

F.   The receiving party shall cause the substance of this Order to be

communicated to each person to whom the CONFIDENTIAL DOCUMENTS are revealed in accordance with this Order.

G. Prior to the disclosure of any CONFIDENTIAL DOCUMENTS to any person described above, the receiving party who seeks to use or disclose such CONFIDENTIAL DOCUMENTS shall first provide any such person with a copy of this Order, and shall cause him or her to execute, on a second copy, which counsel shall thereafter serve on the disclosing party the following acknowledgment:

> "I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action, Case No. CV 10-4166 ODW (VBKx), and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of each Confidential Document. I hereby consent to the jurisdiction of said Court for purposes of enforcing this nondisclosure Order.
>
> Dated: _____ /s/_____"

H. If CONFIDENTIAL DOCUMENTS or confidential material therein are used, directly or indirectly, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" and the portions containing the CONFIDENTIAL DOCUMENTS or confidential material shall be sealed pursuant to Central District Local Rule 79.

I. A copy of this Order shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any audiotape and/or

videotape of said deposition shall be subject to this Order.  A copy of this Order shall be attached as an exhibit to said audiotape and/or videotape and the court videographer shall be subject to this Order and precluded from providing the original deposition videotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record.  Any audiotape shall similarly be subject to this Order and all persons shall be precluded from providing the original deposition audiotape or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation.

J.     Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any CONFIDENTIAL DOCUMENTS or confidential material therein are used: the receiving party, the disclosing party, any parties' counsel, the court reporter, the court videographer, if any, and any of the named parties in this action.  Those attending any depositions using CONFIDENTIAL DOCUMENTS shall not disclose to any person or entity not otherwise entitled to the confidential information, in any manner, including orally, any statements made by the deponents during the course of said depositions and any such disclosure shall be construed as a violation of this Order.

K.     The receiving party shall not cause or knowingly permit disclosure of the contents of the CONFIDENTIAL DOCUMENTS beyond the disclosure permitted under the terms and conditions of this Order.

L.     No document covered by this Order may be used for any purpose not set forth herein, or revealed to any person not described herein, absent further order of this Court.

M.     If the receiving party who receives CONFIDENTIAL DOCUMENTS are served with a subpoena or other request seeking CONFIDENTIAL DOCUMENTS, he, she or it shall immediately give written notice to counsel for the disclosing party, identifying the CONFIDENTIAL DOCUMENTS sought and

1  the time in which production or other disclosure is required, and shall object to the
2  request or subpoena on the grounds of this Order so as to afford the disclosing
3  party an opportunity to obtain an order barring production or other disclosure, or to
4  otherwise respond to the subpoena or other request for production or disclosure of
5  CONFIDENTIAL DOCUMENTS.  In no event should production or disclosure be
6  made without written approval by the disclosing party unless required by Court
7  order arising from a motion to compel production or disclosure of
8  CONFIDENTIAL DOCUMENTS.

9       N.  Any pleadings, motions, briefs, declarations, stipulations, exhibits or
10  other written submissions (collectively "papers") filed with this Court, which
11  contain, reflect, incorporate or refer to CONFIDENTIAL DOCUMENTS, shall be
12  filed concurrently with a written application to seal the subject material.  Pending a
13  ruling on the application, the papers are to be filed consistent with Local Rule 79-
14  5.1.

15       O.  Counsel for the parties hereto agree to request that any motions,
16  applications or other pre-trial proceedings in this Court which could entail the
17  discussion or disclosure of CONFIDENTIAL DOCUMENTS be heard by the
18  Court outside the presence of the jury, unless having heard from counsel, the Court
19  orders otherwise.

20       P.  Nothing herein shall prejudice any parties' rights to object to the
21  introduction of any CONFIDENTIAL DOCUMENTS into evidence, on grounds,
22  including, but not limited to, relevance and privilege.

23       Q.  Nothing in this Order shall restrict or otherwise limit the use of any
24  material by the District Court.

25       R.  No more than thirty (30) calendar days after the end of litigation (Case
26  No. CV 10-416 ODW (VBKx)), the receiving party, and every other person and/or
27  entity who received originals or copies of CONFIDENTIAL DOCUMENTS
28  provided by Defendants shall return all originals, and destroy or return all copies of

1  the CONFIDENTIAL DOCUMENTS, and material derived therefrom to counsel for
2  Defendants, in care of: Office of the City Attorney, City of Inglewood, One
3  Manchester Boulevard, Ste. 860, Inglewood, CA 90301.  Any expense incurred in
4  the return of originals of CONFIDENTIAL DOCUMENTS shall be at the expense
5  of the party seeking return of the CONFIDENTIAL DOCUMENTS.  Any
6  CONFIDENTIAL documents obtained from third parties or via third party
7  subpoena shall be destroyed or returned to the party whose privacy interest is
8  implicated.
9       The litigation is at an end when (i) a final judgment has been entered by the
10 Court or the case has otherwise been dismissed with prejudice; (ii) the time for any
11 objection to or request for reconsideration of such a judgment or dismissal has
12 expired; (iii) all available appeals have concluded or the time for such appeals has
13 expired; and (iv) any post appeal proceedings have themselves concluded.
14 / / / /
15 / / / /
16 / / / /
17 / / / /

S. This Order shall survive the termination of this action, and the Court retains jurisdiction to resolve any dispute concerning the disclosure or use of the Confidential Material disclosed pursuant to this Order.

IT IS SO STIPULATED:

DATED: December __, 2010     LAW OFFICES OF PORTASHA R. MOORE


By _____
    Portasha R. Moore, Esq.
    Attorneys for Plaintiff
    JUAN ORTEGA


DATED: December __, 2010     OFFICE OF THE CITY ATTORNEY
                                                    FOR THE CITY OF INGLEWOOD


By_____
    Taufiki D. Joshua, Esq.
    Attorneys for Defendants
    CITY OF INGLEWOOD, ALFARO
    and OSWALDO FIGUEROA

## ORDER

Having reviewed and considered the Parties' Stipulation For Protective Order, good cause showing therein, IT IS SO ORDERED:

Dated: January 04, 2011            _____/s/_____
                                    HONORABLE VICTOR B. KENTON
                                    United States Magistrate Judge
                                    Central District of California